746 So.2d 783 (1999)
Willie GEORGE
v.
Mrs. Jean BAKER, D.W.C.C. Records Custodian, Warden Kelly Ward, D.W.C.C., and Richard Stalder, Secretary of Department of Corrections.
No. 99 CA 0234.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*784 Willie George, Homer, LA, plaintiff/appellant, Pro se.
Roxie F. Goynes-Clark, Baton Rouge, LA, for defendant/appellee, Jean Baker, et al.
BEFORE: FOIL, GONZALES and WHIPPLE, JJ.
WHIPPLE, J.
This is an appeal from the district court's affirmance of Administrative Remedy Procedure No. WCC-96-1129, which denied petitioner's requested relief at all levels. In his appeal, petitioner challenges the decision of the Department of Public Safety and Corrections ("the DOC") denying him "good time" (i.e., diminution of sentence) based upon a second conviction of a crime of violence pursuant to LSA-R.S. 15:571.3. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
Petitioner, Willie George, is an inmate at David Wade Correctional Center ("D.W.C.C."). George filed suit in district court seeking review of the final decision in ARP No. WCC-96-1129 denying him good time. Named as defendants were: (1) Mrs. Jean Baker, Corrections Records Systems Manager (i.e. records custodian) at D.W.C.C.; (2) Kelly Ward, Warden of D.W.C.C.; and (3) Richard Stalder, Secretary of the DOC.
Petitioner is presently serving time for two convictions of aggravated battery, violations of LSA-R.S. 14:34. On May 20, 1996, he was sentenced to serve five years imprisonment at hard labor for each conviction, with both sentences to run concurrently. During these concurrent sentences, the DOC is not allowing petitioner to earn good time.[1]
*785 The DOC contends that petitioner is now serving time for a second offense crime of violence and, therefore, pursuant to LSA-R.S. 15:571.3(D), petitioner is not allowed good time. The DOC bases its denial of good time upon petitioner's convictions of aggravated battery, for which he is currently serving time, and upon a prior 1987 Texas conviction for aggravated assault.
In his ARP requests and in his petition for judicial review, George denies that he has a prior 1987 Texas conviction for aggravated assault and, therefore, contends he should be eligible to earn good time pursuant to LSA-R.S. 15:571.3.
Apparently, as an alternative argument in his petition, George contends that Louisiana Acts 1994, Third Extraordinary Session, No. 150 (effective August 27, 1994) cannot constitutionally apply to him. Act 150 amended LSA-R.S. 15:571.3 to deny good time to prisoners convicted a second time of crimes of violence and in pertinent part provides:
D. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S. 14:2(13) or was committed during a period of time that the inmate was under the jurisdiction of the department or placed on probation as a juvenile.[2]
In his petition, George argues that because Act 150 was not enacted until 1994 and he was allegedly convicted of the first crime of violence offense prior to 1994 (i.e., the 1987 Texas conviction), the application of Act 150 to deny him good time in his present sentences operates as an unconstitutional ex post facto law in violation of U.S. Const. art. I, § 9 and La. Const. art. 1, § 23. On this basis, petitioner requests that he be classified as a first time felony offender and be given credit for good time on his current sentence.
The trial court granted judgment in favor of defendants and dismissed petitioner's suit with prejudice. Petitioner appeals.

ISSUES ON REVIEW
At the outset, we note that in his appeal brief, petitioner has raised many issues for the first time. Our review of appeals from ARP decisions is limited to the issues presented in the ARP or in the petition for review. LSA-R.S. 15:1177(A)(5). Consequently, our review of the present case is limited to the issues of (1) whether DOC has correctly classified petitioner as a prisoner convicted a second time of a crime of violence, pursuant to LSA-R.S. 15:571.3 and (2) whether the application of LSA-R.S. 15:571.3(D) as amended by Acts 1994, Third Extraordinary Session, No. 150, to petitioner's current sentences violates the prohibitions of ex post facto laws.

CLASSIFICATION AS A PRISONER CONVICTED A SECOND TIME OF A CRIME OF VIOLENCE
In the ARP and in his petition for judicial review, petitioner denies that he was convicted in Texas in 1987 of the crime of aggravated assault. Therefore, petitioner argues, his current sentence is his first conviction of a crime of violence and he should be allowed good time.
In response to George's claims that he had no 1987 Texas conviction, the DOC entered into the ARP record various items of documentary evidence. These records include the Louisiana State Police Investigative Report which reflects that George was sentenced in Texas in January 1987 to serve two years for a conviction of aggravated assault; he was released on parole; and his parole ended in March 1988. The DOC also entered into the ARP record (1) petitioner's criminal history record from the Texas Department of Public Safety which shows that petitioner was convicted of aggravated assault and sentenced to two years imprisonment in January 1987, and *786 (2) petitioner's parole certificate from the Texas Board of Pardons and Parole which sets forth that George's parole ended in March 1988. Finally, the DOC filed into the ARP record an affidavit executed by Baker wherein she attests that she contacted the Texas DOC in an effort to confirm petitioner's Texas conviction for aggravated assault, but was unable to obtain certified copies of his Texas conviction because she did not know the Texas district court docket number assigned to the 1987 conviction. Additionally, Baker attested in the affidavit that the copies of the criminal history from the Texas Department of Public Safety and the Texas parole certificate were provided to her by an agent for the Minden District Probation and Parole Division.
In view of the evidence presented by the DOC in the ARP record, we agree with the commissioner's statement in his report that the ARP record adequately supports the factual finding that Petitioner was sentenced in Texas in 1987 to two years imprisonment for the crime of aggravated assault. This court may not reverse the factual findings of the ARP decision unless such findings are manifestly erroneous. LSA-R.S. 15:1177(A)(9). On review, we find no manifest error in the DOC's determination that Petitioner was convicted in Texas in 1987 of the crime of aggravated assault.
Louisiana Revised Statute 15:571.3(D) denies good time to an inmate if the inmate is serving a sentence for a second offense crime of violence, as defined by LSA-R.S. 14:2(13). Both aggravated battery and aggravated assault are "crimes of violence" as defined in LSA-R.S. 14:2(13).
On review, we find that the DOC has provided competent and sufficient proof of petitioner's 1987 conviction for aggravated assault and that petitioner is currently in prison for the commission of the crime of aggravated battery. Accordingly, we find no abuse of discretion in the DOC's decision to classify petitioner as a prisoner convicted a second time of a crime of violence in accordance with LSA-R.S. 15:1177(A)(9) and LSA-R.S. 15:571.3. Thus, we agree that the DOC is mandated by the express terms of LSA-R.S. 15:571.3(D) to deny petitioner good time.

EX POST FACTO LAWS
The state and federal constitutions prohibit Louisiana from applying criminal laws ex post facto. U.S. Const. art. I, § 9; La. Const. art. 1, § 23. For a criminal or penal law to fall within this prohibition, the law must apply to events occurring before its enactment and must disadvantage the offender affected by it. State v. Rolen, 95-0347, p. 3 (La.9/15/95), 662 So.2d 446, 448. In analyzing the ex post facto implications of repeat offender statutes and statutes increasing future penalties based on past crimes, the relevant offense is the current crime, not the predicate crime. State v. Rolen, 95-0347 at p. 3, 662 So.2d at 448. A statute which prohibits specified future conduct and puts the defendant on notice of the consequences of his contemplated act does not become an ex post facto law simply because liability is based on a previous conviction.[3]State v. Rolen, 95-0347 at p. 4, 662 So.2d at 448.
The relevant offense in this case, for the purpose of ex post facto analysis, is the 1996 offense of aggravated battery. As noted herein, Act 150 has been in effect since August 1994. Thus, petitioner was on notice of the consequences of a second conviction of a crime of violence before he committed the aggravated battery. Therefore, the application of LSA-R.S. 15:571.3(D), as amended by 1994 Acts, Third Extraordinary Session, No. 150, to deny good time eligibility on sentences *787 imposed for crimes committed after the Act's effective date does not violate the ex post facto clauses of the federal or state constitutions. See State v. Keys, 29,369, p. 9 (La.App. 2nd Cir.5/7/97), 694 So.2d 1107, 1115, writs denied, 97-1387, 97-1497 (La.10/31/97), 703 So.2d 21; cf. State v. Francis, 97-0201, p. 11 (La.App. 1st Cir.2/20/98), 709 So.2d 834, 841, writs denied, 98-1054 (La.5/8/98), 719 So.2d 57, 98-0887 (La.9/4/98), 723 So.2d 961.

CONCLUSION
For the above and foregoing reasons, we affirm the November 9, 1998 judgment of the trial court. Costs in the amount of $653.43 are assessed against petitioner, Willie George.
AFFIRMED.
NOTES
[1] We note that when petitioner was sentenced in 1996, LSA-C.Cr.P. art. 890.1 did not require the sentencing court to designate whether the crime involved was a crime of violence.
[2] This provision has not been changed since the enactment of Act 150 in 1994.
[3] The enhanced sentence should not be viewed as an additional penalty for the earlier crime but as an increased penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. State v. Rolen, 95-0347 at p. 4, 662 So.2d at 448.