762 So.2d 615 (2000)
STATE of Louisiana
v.
Robert ALLEN.
No. 99-KP-2898.
Supreme Court of Louisiana.
June 16, 2000.
*616 PER CURIAM.[*]
The application is granted.
Defendant was charged with and convicted by guilty plea of manslaughter. The trial judge sentenced him to thirty years imprisonment, but failed to comply with La.Code Crim.Proc. art. 890.1 A, which as adopted in 1997 provides:
When the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in R.S. 14:2(13). (emphasis added).
Although manslaughter was a crime of violence enumerated in La.Rev.Stat. 14:2(13), the prosecutor did not object at time of sentencing to the trial judge's omission. Several months later, the prosecutor filed a pleading in district court entitled "Motion to Correct Minute Entry," requesting that the minute entry be corrected to reflect that the crime is an enumerated crime of violence. The trial judge denied the motion, stating that "the legislature has determined what offenses are classified as crimes of violence" and that he had "no discretion in determining what is or is not a crime of violence." The court of appeal thereafter denied, without assigning reasons, the prosecutor's application for supervisory review. 99-2208 (La. App. 4th Cir.9/22/99).
La.Code Crim.Proc. art. 890.1(A) mandates a designation by the sentencing judge when the crime of which the defendant was convicted is either enumerated in La.Rev.Stat. 14:2(13) or defined as a crime in Section 2(13). Such designation apparently was designed to provide assistance to the Department of Safety and Corrections (DOC) in determining diminution of sentence for good behavior under La.Rev. Stat. 15:571.3 or eligibility for parole under La.Rev.Stat. 15:574.4 B.
In the present case, the trial judge's reasoning in denying the motion was incomplete. Because manslaughter is a crime of violence specifically enumerated in Section 2(13), the DOC may (and does, according to a brief filed at the request of this court) determine eligibility for good time or parole release to persons convicted of manslaughter, irrespective of any designation by the trial judge. See DOC Reg. B-04-001(6)(R); B-04-001 attach. 2; La. Rev.Stat. 15:571.3(C)(1)(q) (good time not allowed an inmate who "has been convicted... of ... any crime of violence as defined by R.S. 14:2(13)"); La.Rev.Stat. 15:574.4 B (inmate "convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole").
The difficulty occurs when the crime of which the defendant has been convicted is not enumerated as a crime of violence in La.Rev.Stat. 14:2(13), but arguably falls with Section 2(13)'s definition of crime of violence.[1] In such a case, the DOC properly does not make the legal determination of whether the crime falls *617 under the statutory definition of crime of violence, because the DOC is without authority to determine which unenumerated crimes are crimes of violence. The DOC depends upon the designation that Article 890.1 A requires the trial judge to make.
Moreover, there is no time limit provided in the statutes for requesting a trial judge to correct an omission of the designation required by Article 890.1 A. Accordingly, the trial judge erred in denying the prosecutor's motion to designate the crime of which defendant was convicted as a crime of violence.[2]
For these reasons, the judgment denying the motion is reversed, and the district court is ordered to comply with La.Code Crim.Proc. art. 890.1 A.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part 2, § 3.
[1] La.Rev.Stat. 14:2(13) provides in part:

"Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon....
[2] In the present case involving a crime enumerated in La.Rev.Stat. 14:2(13), the trial judge's failure to designate is inconsequential, because of the DOC's Regulations. However, a sentencing judge generally should not decline compliance with the mandate of La. Code Crim.Proc. art. 890.1 A.