804 So.2d 893 (2001)
Henry COATES
v.
Warden Ed C. DAY, Louisiana DPSC.
No. 2000 CA 2164.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Henry Coates, Angie, LA, plaintiff-appellant pro se.
Debra A. Rutledge, Baton Rouge, LA, for defendants-appellees, Warden Ed C. Day and Louisiana Department of Public Safety and Corrections.
BEFORE: WHIPPLE, FOGG, and GUIDRY, JJ.
FOGG, J.
By this appeal, an inmate challenges a determination by the Louisiana Department of Public Safety and Corrections (DOC) that he is ineligible for diminution of sentence pursuant to LSA-R.S. 15:571.3, which provides for good time by virtue of LSA-R.S. 15:571.3(B), which prohibits good time eligibility for those convicted twice of a crime of violence as defined in LSA-R.S. 14:2(13). For the following reasons, we affirm.
On May 19, 1997, Henry Coates pled guilty to the crime of first degree robbery in violation of LSA-R.S. 14:64.1 and was sentenced to ten years at hard labor. Subsequently, DOC determined that Coates was ineligible for good time credit against his sentence pursuant to LSA-R.S. 15:571.3(D) due to a previous conviction of *894 the felony of second degree robbery in the State of California. Coates contested this determination in accordance with the Administrative Remedy Procedure Act, LSA-R.S. 15:1171, et seq., to no avail. He, then, sought judicial review with the district court, which rendered judgment affirming the agency's action. This appeal followed.
Initially, Coates asserts his conviction of second degree robbery in California does not qualify as a crime of violence under LSA-R.S. 14:2(13) as it is not particularly enumerated in that statute. LSA-R.S. 14:2(13) provides, in pertinent part, as follows:
"Crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence"....
Clearly, the list of enumerated crimes that follows the above language is illustrative rather than exclusive as the statute states that the "enumerated offenses ... are included as `crimes of violence.'" The Commissioner reasoned that Coates' conviction in California of second degree robbery falls within the scope of "crimes of violence" as it involves the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. We find no error in this determination.
Coates further asserts that, pursuant to State v. Allen, 99-2898 (La.6/16/00), 762 So.2d 615, DOC does not have the authority to make the determination that a crime not enumerated in LSA-R.S. 14:2(13) is a "crime of violence." In Allen, the defendant was charged with and pled guilty to manslaughter. The trial court sentenced him to thirty years imprisonment, but failed to comply with LSA-C.Cr.P. art. 890.1(A), which was amended in 1997 to require the trial court to designate whether or not the crime involved is a crime of violence as defined in LSA-R.S. 14:2(13). The supreme court reasoned that, because manslaughter is a crime of violence specifically enumerated in LSA-R.S. 14:2(13), DOC can consider it a crime of violence when determining eligibility for good time irrespective of any designation by the trial court. The court noted that the difficulty occurs when the crime of which the defendant has been convicted is not enumerated as a crime of violence in LSA-R.S. 14:2(13), but arguably falls within its definition of a crime of violence. The court stated, "In such a case, the DOC properly does not make the legal determination of whether the crime falls under the statutory definition of crime of violence, because the DOC is without authority to determine which unenumerated crimes are crimes of violence. The DOC depends upon the designation that Article 890.1 A requires the trial judge to make." Allen, 762 So.2d at 616.
Coates' reliance on Allen is misplaced as it was governed by the 1997 amendment to LSA-C.Cr.P. art. 890.1. With the amendment, the legislature placed the designation of the crime as one of violence with the trial court. However, the statutory scheme prior to this amendment provided no vehicle by which the trial court determined whether or not the crime was one of violence under LSA-R.S. 14:2(13). In cases governed by the statute as it existed prior to the 1997 amendment, DOC properly makes the designation when applying *895 LSA-R.S. 15:574.4(B). See George v. Baker, 99-0234 (La.App. 1 Cir. 11/5/99), 746 So.2d 783.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Henry Coates.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, J., dissenting.
I find no authority even prior to the 1997 amendment of LSA-C.Cr.P. art. 890.1 for DOC to determine what is a crime of violence. The George case cited by the majority is distinguishable because the Texas offense was an enumerated offense under the Louisiana statute defining what is a crime of violence. Herein, the offense is not one of the enumerated offenses and I see no basis in the law for giving the DOC the authority to make this critical determination. For these reasons, I respectfully dissent.