GUIDRY, J.
|8An inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC) appeals the district court’s dismissal of his petition seeking judicial review of a decision by DPSC refusing to credit him with the accrual of good time in diminution of his sentence.
FACTS AND PROCEDURAL HISTORY
On December 2, 1996, Anthony Payton was sentenced to twenty years imprisonment without the benefit parole, probation or suspension of sentence for the crime of forcible rape.[1] On February 20, 1997, Payton executed a “Good Time Rate Option and Approval Form,” wherein he elected to receive good time at the rate of thirty days for every thirty days in actual custody pursuant to La. R.S. 15:571.3. In 1999, it was discovered that Payton was ineligible to earn good time because his 1996 conviction for forcible rape constituted his second offense crime of violence based on a prior Florida conviction for robbery in 1978.[2] Accordingly, Payton’s prison record was updated to reflect this discovery.
Payton filed an administrative remedy procedure (ARP) contesting DPSC’s refusal to credit him with the accrual of good time. Payton’s ARP was denied at all three levels of review by DPSC, which maintained that Payton was ineligible to earn good time because his 1996 conviction was a second offense crime of violence. After exhausting his administrative remedies with no success, Payton filed suit in the 19th Judicial District Court seeking judicial review of DPSC’s decision. DPSC filed an answer denying the allegations of Payton’s petition and requesting that the court maintain its decision. A commissioner appointed by the district court reviewed the matter and issued a report recommending that the DPSC |3decision be affirmed and that Payton’s petition be dismissed with prejudice. The district court rendered judgment in conformity with the commissioner’s recommendation, which judgment Payton now appeals.
In his appeal, Payton raises two arguments, namely (1) whether the statutory definition of a “crime of violence” can be applied to a crime for which he had *607 been convicted prior to the enactment of the statute; and (2) whether consideration of his 1978 conviction constitutes a ex post facto application of La. R.S. 15:571.3 when applied to enhance his sentence for the 1996 conviction for forcible rape.
At the time of Payton’s 1996 conviction, La. R.S. 15:571.3(D) provided
Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by R.S. 14:2(13) or was committed during a period of time that the inmate was under the jurisdiction of the department or placed on probation as a juvenile.[3]
Louisiana Revised Statutes 14:2(13), which was enacted in 1992, defines a “crime of violence” as
[A]n offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.
The statute also includes a list of such crimes under Louisiana law. Although Payton does not dispute the 1978 Florida conviction, he denies that the conviction was for a crime of violence, because at the time he committed the crime, La. R.S. 14:2(13) did not exist defining the term “crime of violence.” We find no merit in this argument.
While Payton’s 1978 Florida conviction does qualify as a “crime of violence” under the definition provided in La. R.S. 14:2(13), the consequences of |4this classification only applies to Payton’s 1996 offense. This classification does not change the penalty imposed for the 1978 Florida conviction nor does it require Payton to defend past acts charged against him. See State v. Rolen, 95-0347, pp. 4-6 (La.9/15/95), 662 So.2d 446, 448-49. As observed in State v. Girod, 04-854, p. 13 (La.App. 5th Cir.12/28/04), 892 So.2d 646, 653, writ denied, 05-0597 (La.6/3/05), 903 So.2d 455:
[T]he 1992 amendment did not change the definition of the crime or increase the punishment .... Further, the Louisiana Supreme Court has indicated robbery is a violent crime long before the 1992 amendment. See State v. Savoy, 205 La. 650, 663, 17 So.2d 908, 912 (La. 1944), which included robbery, along with “murder or manslaughter, ... or cutting with intent to murder,” as examples of crimes of violence.
Thus, we find no error in DPSC’s consideration of La. R.S. 14:2(13) in evaluating whether Payton’s 1978 conviction would be considered a crime of violence for the purpose of La. R.S. 15:571.3(D).
We likewise find no error in DPSC’s rejection of Payton’s claim that applying La. R.S. 15:571.3(D) to prohibit his accrual of good time is an ex post facto application of that statute. Article I, § 9 of the United States Constitution and article 1, § 23 of the state constitution prohibit applying criminal laws ex post facto. For a criminal or penal law to fall within this prohibition, the law must apply to events occurring before its enactment and must disadvantage the offender affected by it. George v. Baker, 99-0234, p. 5 (La.App. 1st *608 Cir.11/5/99), 746 So.2d 783, 786. To determine whether a statute increasing penalties for future crimes based on past offenses has ex post facto implications, the relevant offense is the current crime, not the predicate crime. State v. Rolen, 95-0347, p. 3 (La.9/15/95), 662 So.2d 446, 448 (quoting United States v. Arzate-Nunez, 18 F.3d 730, 734 (9th Cir.1994)).
Louisiana Acts 1994, Third Extraordinary Session, No. 150, effective August 27, 1994, amended La. R.S. 15:571.3 to deny good time to persons |sconvicted a second time of crimes of violence. Because Payton committed the crime of forcible rape in 1995 and was convicted of the crime in 1996, after the effective date of the 1994 amendment to La. R.S. 15:571.3, he was on notice of the consequence of a second conviction of a crime of violence before he committed forcible rape in 1995.[4] Thus, DPSC’s reliance on La. R.S. 15:571.3(D) to deny Payton the right to earn good time in diminution of his sentence for his conviction of forcible rape is not an ex post facto application of that statute. See George, 99-0234 at 6, 746 So.2d at 786-87.
CONCLUSION
Accordingly, we find DPSC acted properly in denying Payton the right to earn good time based on his having been convicted of a second offense crime of violence as defined by La. R.S. 14:2(13). We affirm the judgment of dismissal by the district court and assess all costs in this matter to the appellant, Anthony Payton.
AFFIRMED.

. On the same date, Payton was sentenced to twelve years imprisonment for the crime of simple burglary to be served concurrently with his sentence for forcible rape.

. Payton does not dispute that he was convicted of robbery in Florida in 1978. According to Payton’s prison record, one of his aliases is "Frank Jones.” The 1978 Florida conviction is recorded under that alias.

. Louisiana Revised Statutes 15:571.3(D) was later amended by Louisiana Acts 2003, No. 636, § 1 to delete the following language: "or was committed during a period of time that the inmate was under the jurisdiction of the department or placed on probation as a juvenile.”

. Ignorance of a criminal statute is not a defense to criminal prosecution. La. R.S. 14:17. Promulgation of a law is deemed adequate notice. State ex rel. Counterman v. Whitley, 611 So.2d 661, 666 (La.App. 1st Cir. 1992).