NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2018 CA 1303

JOSEPH BRANCH

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered **AUG 0 8 2019**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C647556, Sec. 24

The Honorable R. Michael Caldwell, Judge Presiding

* * * * *

Yigal Bander
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellee
Joseph Branch


Jonathan R. Vining
Heather C. Hood
Baton Rouge, Louisiana

Attorneys for Defendant/Appellant
Louisiana Department of Public
Safety and Corrections

* * * * *

**BEFORE: McDONALD, CRAIN, AND HOLDRIDGE, JJ.**

McDonald, J. concurs in the result only and assigns reasons.

Crain, J. concurs for the reasons assigned by Judge McDonald.

**HOLDRIDGE, J.**

The Louisiana Department of Public Safety and Corrections (the Department) appeals from the district court's judgment on Joseph Branch's petition for judicial review regarding the classification of his vehicular homicide offense as a crime of violence and its effect on his good time credit. For the following reasons, we reverse the district court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

The plaintiff, Joseph Branch, is an inmate sentenced to the custody of the Department. Branch was charged with having committed the offense of vehicular homicide, a violation of La. R.S. 14:32.1, on January 21, 2012. A jury found Branch guilty as charged in October of 2014, and on March 18, 2015, the sentencing judge sentenced Branch to 25 years imprisonment with all but 7 1/2 of those years suspended. The sentencing judge ordered the first 5 years of that sentence to be served without the benefit of probation, parole, or suspension of sentence and ordered a suspended $2,000 fine.[1] On October 29, 2015, in response to the State's motion to clarify the sentence, the sentencing judge designated Branch's offense of vehicular homicide as a crime of violence.

Branch filed Administrative Remedy Procedures ("ARP") No. EHCC-2016-52, seeking review in accordance with La. R.S. 15:1171, et seq. In his ARP, Branch contended that the Department erred in classifying his vehicular homicide conviction as a crime of violence. Under La. R.S. 15:571.3, prisoners are generally

---

[1] Upon his release, Branch was ordered to serve 5 years on active supervised probation, to submit to a substance abuse evaluation and attend any recommended treatment, to pay $250,000.00 by paying on a monthly basis 25% of whatever salary he makes, and to pay a lump sum payment of $45,000.00 within 60 days to the members of the victims' families and to Mr. Morris. Although this record does not identify Mr. Morris, presumably he is the victim of the offense of first degree vehicular negligent injury, a violation of La. R.S. 14:39.2, for which Branch was also convicted and which arose out of the same incident. The sentencing judge sentenced Branch to a 5-year concurrent sentence on the first-degree vehicular negligent injury conviction.

entitled to earn good time credit to be applied toward diminution of their sentences; however, prisoners convicted of a crime of violence as defined by La. R.S. 14:2 are required to serve at least 85% of their sentences before release. Branch's request for relief was denied at the first and second steps.

Branch sought judicial review in the district court. The Commissioner for the Nineteenth Judicial District Court held a hearing on Branch's claims and issued a report recommending the reversal of the Department's decision and the grant of Branch's request for relief. The district court signed a judgment adopting the Commissioner's report as its reasons and reversing the Department's decision. The judgment states that Branch's offense is considered a non-violent offense and that the Department is ordered to calculate Branch's sentence as a non-violent offense in determining good-time eligibility. From this judgment, the Department suspensively appeals.

## ANALYSIS

Under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171, et seq., judicial review of an adverse decision by the Department is available pursuant to La. R.S. 15:1177. The district court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary, capricious, or characterized by an abuse of discretion; or (f) manifestly erroneous. La. R.S. 15:1177(A)(9). Once a final judgment is rendered by the district court, an aggrieved party may seek review by appeal to the appropriate appellate court. La. R.S. 15:1177(A)(10). On review of the district court's judgment, no deference is owed by the court of appeal

3

to factual findings or legal conclusions of the district court. <u>See</u> **Williams v. La. Dept. of Public Safety and Corrections**, 2018-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93.

The Department contends on appeal that the district court legally erred in reversing the Department's decision without a finding that its decision was manifestly erroneous or clearly wrong. The Department contends that Branch's vehicular homicide offense, which was committed in 2012, was properly designated as a crime of violence because it occurred after the 2009 vehicular homicide offense involved in **State v. Oliphant**, 2012-1176 (La. 3/19/13), 113 So.3d 165, 166, which the Louisiana Supreme Court held was a crime of violence. The Department contends that under **Oliphant**, the supreme court definitively designated vehicular homicide as an unenumerated crime of violence under La. R.S. 14:2, thereby making La. C.Cr.P. art. 890.1, which authorized the sentencing judge to declare an offense to be a crime of violence, irrelevant. The Department additionally contends that the sentencing judge determines the sentence a defendant must serve and any conditions that are to be imposed, not the Department, citing **Boddye v. La. Dept. of Corrections**, 2014-1836 (La. App. 1 Cir. 6/26/15), 175 So.3d 437, 441, <u>writ denied</u>, 2015-1688 (La. 10/30/15), 180 So.3d 303.

In determining whether the sentencing judge properly designated Branch's vehicular homicide offense as a crime of violence, the Department in its administrative review considered the sentencing judge's hearings on Branch's sentence and the clarification of that sentence. At the sentencing hearing in March 2015, before imposing the sentence to which the prosecution and the defense had agreed, the sentencing judge stated that his "plan" for sentencing was "a lot simpler than" the agreement. The sentencing judge then stated, "My plan was to

4

sentence you to twenty years in the Department ... at hard labor for vehicular homicide, and five years consecutive to that for vehicular negligent injury for a total of twenty-five years, and having to do [85%] of that."[2] The sentencing judge commented that the victims' families also agreed to the lesser sentence agreed upon by the defense and the State. The sentencing judge did not specifically designate Branch's vehicular homicide as a crime of violence at the March 2015 sentencing hearing.

In response to the State's motion to clarify the sentence, the sentencing judge held a hearing in October of 2015.[3] At that hearing, the prosecutor initially stated that, when counsel originally discussed the sentencing agreement in the sentencing judge's chambers, they were all "under the impression" that the **Oliphant** case would control, apparently interpreting it as a determination that vehicular homicide was a crime of violence. See **State v. Oliphant**, 113 So.3d at 166. The prosecutor then stated that at some point after the sentence was imposed, a Department official contacted her and indicated that despite **Oliphant**, the Department was not routinely requiring those convicted of vehicular homicide to serve 85% of their sentence (as would be the rate for those sentenced for a crime of violence), unless that was specifically mentioned in the court minutes. According to the prosecutor, when the sentencing judge asked her at the initial sentencing hearing if the victims' family members agreed with the proposed sentence, she responded affirmatively because she had discussed with them the sentencing agreement, the reasons for it, and the 85% "crime of violence, **Oliphant** rule." She noted that the sentencing judge's comment about his plan that Branch serve 85% of

---

[2] The sentencing judge's reference to 85% is a reference to the amount of the sentence actually served after good time is credited. See La. R.S. 15:571.3.

[3] The record does not contain the State's motion to clarify the sentence.

his sentence indicated that the sentencing judge was "under the impression" that **Oliphant** controlled.

Defense counsel argued that while he and the prosecutor were negotiating the sentencing agreement, they were aware that the **Oliphant** court concluded that vehicular homicide was a crime of violence; however, he did not believe that the sentencing judge had the authority to declare an offense to be a crime of violence after La. C.Cr.P. art. 890.1 was repealed. The sentencing judge then stated, "[I]t's a crime of violence. We all knew it was going to be considered a crime of violence. I just failed to say those words." Branch then commented that he was not aware of "any percentages" or **Oliphant** when he agreed to the sentence. Defense counsel objected to the sentencing judge's clarification on the basis that **Oliphant** was a judicial determination that occurred after the date Branch's offense was committed and therefore, it could not be applied retroactively to make the offense a crime of violence. The sentencing judge noted that Branch's blood alcohol concentration was .307.

After reviewing these transcripts, the Department in the first step response denied Branch's request for relief. The response states, in pertinent part:

> It is clear that the only purpose for your October 29, 2015 hearing was to clarify that the court[']s intention was to designate [your] crime as a crime of violence at 85% at the initial sentencing. The transcript clearly indicates the court sentenced you as a violent offender and all parties agreed. In fact, the transcript you submitted reveals that your own attorney--in conjunction with the district attorney and [the sentencing] judge--orally acknowledge[d] the fact that you would be required to serve 85% of whatever sentence was imposed, as the crime of vehicular homicide is necessarily a violent offense as stated by the Louisiana Supreme Court [in **Oliphant**, 113 So.3d at 166]. The fact that your offense is violent is acknowledged by all relevant parties. [La.] C.Cr.P. Art. 890.1 was still in effect on the date of the commission of the offense and therefore relevant during your sentencing.
>
> Finally, ... it is well settled that the determination of the sentence a defendant must serve, and what--if any--conditions are to

6

be imposed on that sentence, is made by the [district] court and not the Department.... See *Blair v. Stalder*, 798 So.2d 132 (La. App. 1st Cir.2001); *Boddye v. La. Dept. of Corrections*, 175 So.3d 437 (La. App. 1st Cir.2015). Thus, the Department is required to designate your [offense] as violent in accordance with the orders of your sentencing court.

In denying Branch's request for relief at the second step, the Department stated that the first step response had adequately addressed the issues.

In **State v. Oliphant**, on February 8, 2009, Oliphant, while driving his vehicle, struck and killed a pedestrian; Oliphant's blood alcohol level was .247g%. **State v. Oliphant**, 113 So.3d at 166-67. He pled guilty to vehicular homicide on July 19, 2009, and was sentenced to a term of 25 years imprisonment at hard labor. **Id**. at 167. At the time of Oliphant's sentencing, La. C.Cr.P. art. 890.1(A) provided, "When the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence or an attempted crime of violence as defined or enumerated in R.S. 14:2(B)."[4] Thus, at the time of the plea and sentence, the sentencing judge designated Oliphant's offense a crime of violence as defined in La. R.S. 14:2(B). **Id**. at 167.

On appeal, the supreme court found that, although vehicular homicide was not listed as a crime of violence under La. R.S. 14:2, the list of enumerated crimes was illustrative and not exhaustive.[5] **State v. Oliphant**, 113 So.3d at 170. The

---

[4] Former Louisiana Code of Criminal Procedure article 890.1(B) stated, in pertinent part:

> Notwithstanding any provision of law to the contrary, if a person is convicted of or pleads guilty to a crime of violence as defined or enumerated in R.S. 14:2(B) and is sentenced to imprisonment for a stated number of years or months, the sentencing court may deny or place conditions on eligibility for diminution of sentence for good behavior unless diminution of sentence is prohibited by R.S. 15:571.3(C) or (D).

As will be discussed in this opinion, the above version of La. C.Cr.P. art. 890.1 was repealed, and then replaced by another version of article 890.1. 2011 La. Acts, No. 186, 2012 La. Acts, No. 160. The new version was then amended by 2014 La. Acts, No. 634, and by 2015 La. Acts, No. 184.

[5] As it read at the time **State v. Oliphant** was decided, La. R.S. 14:2(B) defined a crime of violence as:

7

court determined that vehicular homicide qualified as a crime of violence under the general definition of the term in La. R.S. 14:2, because the offense involved the use of physical force and the substantial risk that force would be used against another person in the commission of the offense, and because the offense involved the use of a dangerous weapon (a vehicle). **Id.** at 173. The supreme court stated that the corresponding sentencing consequence of the crime of violence designation was that Oliphant must serve at least 85% of his full term before becoming eligible for early release on parole pursuant to La. R.S 15:574.4(B)(1). **Id.** at 174.

Following **Oliphant**, the legislature passed Act 280 of the 2014 Regular Legislative Session that became effective on May 28, 2014, and enacted La. R.S. 14:2(B)(46) to categorize vehicular homicide as a crime of violence "when the operator's blood alcohol concentration exceeds 0.20 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood."[6]

In determining that the Department erred in classifying Branch's vehicular homicide offense as a crime of violence, the Commissioner considered the **Oliphant** case in light of **State v. Holloway**, 2015-1233 (La. 10/19/16), 217 So.3d 343, which was not considered by the Department in its administrative review because it was decided after the Department's decisions at the first and second

---

an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

Louisiana Revised Statutes 14:2(B) also enumerated several crimes of violence.

[6] 2014 La. Acts, No. 280 also amended La. R.S. 14:32.1 to state that whoever commits the crime of vehicular homicide shall be sentenced as an offender convicted of a crime of violence if the offender's blood alcohol concentration at the time of the offense exceeds .20 percent by weight based on grams of alcohol per one hundred cubic centimeter of blood. See La. R.S. 14:32.1(C).

8

steps. In **Holloway**, the Louisiana Supreme Court had to consider which version of La. C.Cr.P. art. 890.1 applied to the defendant's sentence. **State v. Holloway**, 217 So.3d at 344. Louisiana Code of Criminal Procedure article 890.1 was repealed effective August 16, 2011 by 2011 La. Acts, No. 186 and a newer version of La. C.Cr.P. art. 890.1 was enacted by 2012 La. Acts, No. 160, effective May 17, 2012, which no longer pertained to the designation of a crime of violence.[7] Holloway's vehicular homicide offense occurred in 2007 and his blood alcohol content was 0.051 (which is below the 0.08 legal limit set forth in La. R.S. 14:98(A)(1)(b)). **Id**. He pled guilty and was sentenced on January 30, 2014. **Id**. On January 23, 2015, the State filed a motion to clarify the sentence and asked the sentencing judge to designate Holloway's offense as a crime of violence pursuant

---

[7] Louisiana Code of Criminal Procedure article 890.1 was replaced with the following article, which pertains to the district court's ability to deviate from minimum mandatory sentencing guidelines:

A. Notwithstanding any other provision of law to the contrary, if a felony or misdemeanor offense specifies a sentence with a minimum term of confinement or a minimum fine, or that the sentence shall be served without benefit of parole, probation, or suspension of sentence, the court, upon conviction, in sentencing the offender shall impose the sentence as provided in the penalty provisions for that offense, unless one of the following occurs:
(1) The defendant pled guilty pursuant to a negotiated plea agreement with the prosecution and the court, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement.
(2) In cases resulting in trial, the prosecution, the defendant, and the court entered into a post-conviction agreement, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement.
B. If such agreements are entered into between the prosecution and the defendant, the court, at sentencing, shall not impose a lesser term of imprisonment, lesser fine, or lesser period of sentence served without benefit of parole, probation, or suspension of sentence than that expressly provided for under the terms of the plea or post-conviction agreement.
C. No plea or post-conviction agreement shall provide parole eligibility at a time earlier than that provided in R.S. 15:574.4.
D. Nothing in this Article shall apply to a crime of violence as defined in R.S. 14:2(B) or a sex offense as defined in R.S. 15:541.
E. At the time the sentence is imposed pursuant to this Article, the Uniform Commitment Sentencing Order shall specify that the sentence is imposed pursuant to the provisions of this Article.

As earlier noted, Subsection D was amended by 2014 La. Acts, No. 634 and by 2015 La. Acts, No. 184.

9

to La. C.Cr.P. art. 890.1 as it read at the time of Holloway's offense.[8] **Id.** at 345. The sentencing judge initially noted that the newer version of La. C.Cr.P. art. 890.1 did not authorize the sentencing judge to designate the offense as a crime of violence and that the Department should determine that matter. **Id.** However, the sentencing judge then acceded to the State's request to the extent of clarifying that in his view, under **Oliphant**, Holloway "committed a crime of violence that would be treated as such as a matter of law without further intervention by the court." **Id.**

The Third Circuit granted writs to vacate the sentencing judge's designation of Holloway's conviction as a crime of violence. **State v. Holloway**, 217 So.3d at 346. It agreed with the State that the former La. C.Cr. P. art. 890.1 in effect at the time of the offense applied at Holloway's sentencing, but it found that because **Oliphant** was decided after Holloway's offense was committed, there was no legal basis for the sentencing judge to designate the offense as a crime of violence. **Id.**

In its determination as to whether the former La. C.Cr.P. art. 890.1 applied, the supreme court stated that it had generally held that the law in effect at the time of the offense dictates the penalty an offender faces at the time of his conviction. **State v. Holloway**, 217 So.3d at 347. The supreme court noted that applying the law in effect on the date of the commission of the offense ordinarily avoids violating ex post facto prohibitions in the federal and state constitutions. **Id.** The

---

[8] In **Holloway**, the supreme court noted that there is no mechanism provided in the Code of Criminal Procedure by which the State can, more than eight months after a sentence that is legal in all respects is imposed and made executory, return to the sentencing court to seek what is essentially a modification of the sentence. The supreme court stated that the State's motion for clarification, which was in effect a motion to modify a legal sentence, brought after commencement of execution of sentence, should have been denied by the sentencing court. The supreme court then said that the court of appeal's decision to vacate the sentencing court's ruling was, therefore, ultimately correct, but that the appellate court's stated reason for vacating the ruling, its finding that the version of La. C.Cr.P. art. 890.1 in effect at the time of the offense applied, rather the version in effect at the time of sentencing, was the basis for the supreme court's grant of certiorari. **State v. Holloway**, 2015-1233 (La. 10/19/16), 217 So. 3d 343, 346 n.1.

10

supreme court then determined that in **Holloway**, applying the version of La. C.Cr.P. art. 890.1 in effect at the time of sentencing did not violate ex post facto prohibitions because it did not make Holloway's punishment more burdensome, but could potentially result in Holloway being eligible for parole earlier, as it did not require a crime of violence designation. **Id**. at 348. The supreme court found that the plain language in the replacement La. C.Cr.P. art. 890.1, "upon conviction, in sentencing the offender," applied when Holloway was convicted and sentenced in 2014. **Id**. at 349. The supreme court also determined that there was an indication that the legislature did not intend for an offender like Holloway to be treated as having committed a crime of violence because after the **Oliphant** decision, the legislature amended the enumerated list of offenses in La. R.S. 14:2(B) to include vehicular homicide, but only where the blood alcohol concentration was greater than .20%. **Id**. at 349. Therefore, the supreme court held that the version of La. C.Cr.P. art. 890.1 in effect at the time of the Holloway's sentencing in 2014 applied, rather than the version in effect on the date of his vehicular homicide offense in 2007. **Id.**

In affirming the ultimate judgment of the Third Circuit vacating the sentencing judge's ruling, the supreme court stated that the court of appeal correctly vacated the sentencing judge's ruling insofar as it suggested that the law would automatically treat Holloway's offense as a crime of violence under **Oliphant**, but erred in doing so on the grounds that former La. C.Cr.P. art. 890.1 requiring the crime of violence designation applied. **State v. Holloway**, 217 So.3d at 349. The supreme court also stated that after the repeal of La. C.Cr.P. art. 890.1 in 2011, which was effective after May 17, 2012, "although La.R.S. 14:2(B) still provided a general definition of 'crime of violence,' no provision of law directed

11

the [sentencing] courts to designate offenses as crimes of violence at sentencing." **Id**. at 346 (footnote omitted).

In considering **Holloway** as applied to this case, the Commissioner noted that Branch's offense was committed on January 21, 2012, when the former La. C.Cr.P. art. 890.1 had already been repealed. Therefore, the Commissioner found that the Department's statement in the first step response that former La. C.Cr.P. art. 890.1 "was still in effect on the date of the commission of the offense" was incorrect. Moreover, the Commissioner found that, based on **Holloway**, the Department erred in stating that the former La. C.Cr.P. art. 890.1 was relevant during Branch's 2015 sentencing because the supreme court determined that the newer La. C.Cr.P. art. 890.1 applied. **State v. Holloway**, 217 So.3d at 349. The newer version of La. C.Cr.P. art. 890.1 does not authorize the sentencing judge to designate an offense as a crime of violence. **Id**. at 346.

In concluding that the Department's decision to deny Branch's request for an administrative remedy was manifestly erroneous and in violation of Branch's statutory and constitutional rights, the Commissioner stated:

> By the time the Petitioner was convicted and sentenced, and at the time he committed his vehicular homicide offense as well, the trial court no longer had the statutory authority to designate an offense as a crime of violence if it was not specifically enumerated as a crime of violence in R.S. 14:2(B).

The Commissioner also noted that the Department's decision to retroactively apply **Oliphant** to Branch's case was not an accurate reflection of Department policy to apply that decision prospectively. She based that conclusion on the Department's counsel's statements that if the offense was an enumerated crime of violence in La. R.S. 14:2(B) or if it was designated by the sentencing judge as a crime of violence under La. C.Cr.P. art. 890.1, then the Department would calculate good time

12

pursuant to the 85% good time rate.[9]  Department counsel stated that after **Oliphant** was decided, it "seemed to leave no room for interpretation" that vehicular homicide had been a crime of violence, but that the prospect of applying **Oliphant** retroactively proved to be "a logistical nightmare," so a policy decision was made to apply the **Oliphant** decision prospectively from the date of the decision forward.

Based on the **Holloway** case, the sentencing judge had no authority pursuant to La. C.Cr.P. art. 890.1 to designate the offense as a crime of violence.  Branch's vehicular homicide offense occurred in 2012, prior to the 2013 **Oliphant** decision and after the repeal of the former version of La. C.Cr.P. art. 890.1, which required the sentencing judge to designate an offense as a crime of violence.  Moreover, the supreme court in **Holloway** stated that the Third Circuit correctly vacated the sentencing judge's designation of a vehicular homicide offense on the basis that the law would automatically treat Holloway's 2007 offense as a crime of violence under **Oliphant**.  See **State v. Holloway**, 217 So.3d at 349.  In this case, to classify Branch's vehicular homicide as a crime of violence pursuant to the supreme court's ruling in **Oliphant** would be an ex post facto application of law because at the time of the offense, vehicular homicide was not deemed a crime of violence. See **State v. Holloway**, 217 So.3d at 348.

---

[9] In **Holloway**, 217 So.3d at 346 n.3, the supreme court noted that in **State v. Allen**, 1999-2898 (La. 6/16/00), 762 So.2d 615, for those crimes of violence specifically enumerated in R.S. 14:2(B), the Department would compute a prisoner's eligibility for parole or good time release at 85% of the full term date without regard to whether the sentencing judge designated the offense as a crime of violence pursuant to former La. C.Cr.P. art. 890.1.  With respect to those crimes not enumerated in R.S. 14:2(B) but otherwise falling under the general definition of a crime of violence, however, the Department would defer to the sentencing judge.  The supreme court stated that the Department did not have the authority to determine which unenumerated crimes were crimes of violence.

Because the sentencing judge had no authority to designate Branch's offense as a crime of violence, the sentence imposed was an illegal sentence.[10] An illegal sentence is one not authorized or directed by law. See **State v. Johnson**, 220 La. 64, 55 So.2d 782, 783-84 (1951); **State v. Ulfers**, 2014-1148 (La. App. 1 Cir. 10/6/14), 2014 WL 12569972 (unpublished), writ denied, 2014-2410 (La. 9/18/15), 178 So.3d 144. A district court lacks the authority to correct an illegal sentence on a petition for judicial review. **Boddye**, 175 So.3d at 442; **Robinson v. Stalder**, 2008-0495 (La. App. 1 Cir. 9/23/08), 21 So.3d 318, 320, writ denied, 2009-0539 (La. 12/11/09), 23 So.3d 916; see also **Campbell v. Louisiana Department of Public Safety & Corrections**, 2017-1002 (La. App. 1 Cir. 2/16/18), 2018 WL 914304 p. 1 (unpublished), writ denied, 2018-0359 (La. 1/28/19), 262 So.3d 900; **Straughter v. Louisiana Department of Public Safety & Corrections**, 2017-0384 (La. App. 1 Cir. 11/1/17), 233 So.3d 89, 91, writ denied, 2018-0187 (La. 2/11/19), 263 So.3d 893. Moreover, although complaints pertaining to the time computation for good time generally must be made under the Corrections Administrative Remedy Procedure, in this case, the Department's good time calculations were based on the sentencing judge's designation of the offense as a crime of violence. See **Jackson v. Phelps**, 506 So.2d 515, 517-18 (La. App. 1 Cir.), writ denied, 508 So.2d 829 (La. 1987). The Department as the custodian of Branch also does not have the authority to correct an illegal sentence because it is required to carry out the sentence imposed by the sentencing judge and is charged with the responsibility of complying with any condition placed on the sentence by the sentencing judge. See **Blair v. Stalder**, 1999-1860 (La. App. 1 Cir. 1/31/01), 798 So.2d 132, 139. While an illegal sentence may be corrected at any time, only

---

[10] We also note, as previously discussed in footnote 7, that there is no mechanism in the Code of Criminal Procedure by which the State can seek modification of a legal sentence over seven months after the sentence was imposed and made executory.

14

the sentencing court itself or appellate courts having jurisdiction over the sentencing court have authority to do so. La. C.Cr.P. art. 882(A); **Boddye**, 175 So.3d at 442; **Robinson**, 21 So.3d at 320. Under the circumstances, the proper procedure for Branch to seek the relief he requests is through a motion to correct an illegal sentence filed in the court that imposed his sentence.[11] **Madison v. Ward**, 2000-2842 (La. App. 1 Cir. 7/3/02), 825 So.2d 1245, 1255 (en banc); **Davis v. Louisiana Dept. of Public Safety and Corrections**, 2015-0377 (La. App. 1 Cir. 11/6/15), 2015 WL 6841672 at p. 1.

While we recognize that Branch's offense was improperly classified as a crime of violence, a petition for judicial review is not the proper procedure to correct an illegal sentence. Therefore, when the district court determined that Branch's offense should not have been designated as a crime of violence, it erred in issuing a judgment classifying the offense as non-violent and ordering the Department to calculate Branch's good time accordingly. Since it is the sentencing court that determines the sentence that a defendant must serve and any conditions that are to be imposed, the proper procedure would be for Branch to file a motion to correct an illegal sentence filed in the sentencing court.

## CONCLUSION

For the foregoing reasons, the October 25, 2018 district court judgment reversing the Department's decision in Administrative Remedy Procedures No. EHCC-2016-52, is reversed insofar as it ordered the Department to calculate

---

[11] An illegal sentence may also be corrected through a timely motion for reconsideration of sentence directed to the sentencing court or a timely direct appeal of the sentence to the appropriate appellate court. **Campbell v. Louisiana Dep't of Pub. Safety & Corr.**, 2017-1002 (La. App. 1 Cir. 2/16/18), writ denied, 2018-0359 (La. 1/28/19), 262 So. 3d 900. In the instant case, however, the time delays for filing a motion for reconsideration of sentence and/or for an appeal presumably have expired. See La. C.Cr.P. arts. 881(A) and 914(B).

Branch's sentence as a non-violent offense for purposes of good time eligibility.

Costs of this appeal are to be paid by Joseph Branch.

**REVERSED.**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2018 CA 1303

JOSEPH BRANCH

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

McDONALD, J. CONCURRING:

I respectfully concur with the result of the opinion only. I believe the opinion is correct that this trial court was the wrong court in which to challenge the legality of Mr. Branch's sentence. The proper court in which to file such a challenge is the court in which Mr. Branch was sentenced. I would agree if this opinion stopped at that point. However, the opinion goes much further in addressing the merits of Mr. Branch's argument. The opinion should simply vacate the trial court's judgment because it lacked subject matter jurisdiction to address the correctness of the sentencing court's ruling that Mr. Branch's vehicular homicide was a crime of violence. The inclusion of the *Oliphant/Holloway* discussion and the conclusion that the sentencing court improperly classified Mr. Branch's offense as a crime of violence is advisory at best. It could be used to inappropriately restrain the sentencing court in the future. Therefore, I do not believe we should reach that issue now. Rather, if Mr. Branch files a motion to correct an illegal sentence with the sentencing court, it should be that court's task to reconsider its ruling as to whether the offense was a crime of violence. Once the sentencing court has made that determination, and if that ruling is adverse to Mr. Branch, then he can appeal that decision. Then, and only then, the issue of whether his offense was violent or non-violent would be properly before this court. For these reasons, I concur in the result only.