GAIDRY, J.
12This appeal is from a judgment of the 19th Judicial District Court dismissing a prisoner’s petition for judicial review. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The plaintiff, Darrin Robinson, a prisoner in the custody of the Department of Corrections (Department), filed a petition for judicial review in the 19th Judicial District Court, claiming that the Department was miscalculating his sentence. The pertinent background information is as follows: On November 5, 1991, Robinson was sentenced by the Criminal District Court for the Parish of Orleans to twenty-five years for aggravated burglary (“count 1”) and six years for simple burglary of an inhabited dwelling (“count 2”). The two sentences were to run consecutively. On November 19, 1991, Robinson was adjudicated an habitual offender. According to the minute entry for that date, the trial court vacated Robinson’s original sentence on count 1 and sentenced him as a habitual offender to fifty years.[1]
*319 Robinson appealed his convictions and sentences, which were affirmed by the Fourth Circuit in an unpublished opinion. State v. Robinson, 94-0434 (La.App. 4 Cir. 10/27/94), 644 So.2d 1166, writ denied, 94-2882 (La.6/23/95), 656 So.2d 1009. In this opinion, the Fourth Circuit noted that although Robinson assigned as error the fact that the trial court failed to vacate the original sentence on count 1 before imposing a sentence on the multiple bill, and although the transcript does not reflect that the trial court stated that the sentence was vacated, “the commitment order signed by the | judge affirmatively vacates the sentence imposed previously on the defendant. The appellant has cited no authority which would suggest that the commitment order signed by the trial judge is insufficient.” Id.
Robinson later initiated Administrative Remedy Procedure No. LSP-98-2618, seeking to be declared eligible for good time credits and disputing the validity of the November 19, 1991 habitual offender sentence. After exhausting his administrative remedies, Robinson filed a petition for judicial review in the 19th Judicial District Court. The court rendered judgment on September 8, 2000 in favor of Robinson, finding that his November 19, 1991 habitual offender sentence was invalid and without effect because the certified transcript of that sentencing reflects that the trial court failed to vacate Robinson’s original twenty-five year sentence on count 1 before resentencing him as a habitual offender. The judgment of the 19th Judicial District Court ordered the Department to amend its records to reflect that Robinson is serving the twenty-five year sentence imposed on November 5, 1991.
On October 26, 2000, the State filed a motion in Orleans Criminal District Court to correct an illegal sentence. After an October 30, 2000 hearing, the court vacated Robinson’s original sentence on count 1 and resentenced him as an habitual offender to fifty years, the same habitual offender sentence imposed on November 19, 1991.
Robinson appealed this October 30, 2000 resentencing to the Fourth Circuit. The Fourth Circuit, noting that the 19th Judicial District Court lacked jurisdiction to change Robinson’s sentence and that “the issue of the earlier sentence not being vacated prior to the imposition of the habitual offender sentence was resolved in this court’s 1994 [unpublished] opinion in 14this matter,” held that the November 19, 1991 sentence on count 1 was in compliance with the law and reinstated that fifty year sentence.
Robinson then filed Administrative Remedy Procedure No. DCI-2006-281 on March 23, 2006, requesting that his sentence be computed in accordance with the 19th Judicial District Court’s judgment, i.e., the November 5, 1991 twenty-five year sentence on count 1. After all administrative remedies were exhausted and his request was denied, Robinson filed a petition for judicial review in the 19th Judicial District Court, which dismissed his petition with prejudice, finding that the Department is required to carry out the most recent ruling regarding Robinson’s sentence, which in this case would be the decision of the Fourth Circuit reinstating the November 19, 1991 habitual offender sentence, and any arguments that that sentence was incorrect should be made to a court with supervisory and appellate jurisdiction over that court.
It is from this judgment dismissing his petition for judicial review that Robinson filed the instant appeal, arguing that the 19th Judicial District Court erred in failing to order the Department to carry out the November 5, 1991 sentence. We disagree and affirm the ruling of the 19th Judicial *320 District Court dismissing Robinson’s petition for judicial review.
DISCUSSION
Louisiana Revised Statutes 15:1177, which governs judicial review of administrative acts, provides in part:
A. Any offender who is aggrieved by an adverse decision, excluding decisions relative to delictual actions for injury or damages, by the Department of Public Safety and Corrections or a contractor operating a private prison facility rendered pursuant to any administrative remedy procedures under this Part may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court or, if the offender is in the physical custody of the sheriff, in the district court having | ¡jurisdiction in the parish in which the sheriff is located, in the manner hereinafter provided:
[[Image here]]
(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
After a thorough review of the record, it is clear that the district court did not err in affirming the administrative decision. Louisiana Code of Criminal Procedure article 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or an appellate court on review. The 19th Judicial District Court was without authority on a petition for judicial review to correct Robinson’s illegal sentence; however, the Orleans Criminal District Court and the Fourth Circuit could correct such a sentence at any time. The Department’s duty is to carry out the sentence imposed by the sentencing court. Robinson’s arguments to the contrary on appeal are without merit.
DECREE
The judgment of the 19 Judicial District Court dismissing Robinson’s petition for judicial review is affirmed. Costs of this appeal are assessed to Robinson.
AFFIRMED.

. Although the appellate record does not contain the transcript from the November 19, 1991 sentencing, the parties agree that the transcript from that date does not contain a statement from the trial court that the original twenty-five year sentence was vacated.