GUIDRY, J.
12PIaintiff, Jeremy Boddye, Sr., an inmate housed at the Winnfield Correctional Center, appeals the dismissal of his petition for judicial review objecting to the failure of the Louisiana Department of Public Safety and Corrections (DPSC) to credit him with time served on all of his consecutive sentences in accordance with the orders of the sentencing court. For *439 the following reasons, we reverse and render.
FACTS AND PROCEDURAL HISTORY
On July 22, 2013, following his Boykini-zation, Mr. Boddye pled no contest to two counts of illegal possession of stolen things, a violation of La. R.S. 14:69(B)(1), and pled guilty to one count of simple burglary, a violation of La. R.S. 14:62. On accepting his pleas, the court sentenced Mr. Boddye, in accordance with his plea agreements, to five years at hard labor, with credit for time served, on each of the illegal possession counts under docket numbers 80,324 and 80,325, and to seven years at hard labor, with credit for time served, on the simple burglary count under docket number 79,539. The sentencing court further ordered that the sentences be served consecutively. Thus, on all counts, Mr. Boddye received a total sentence of 17 years imprisonment at hard labor; however, with credit for time served, his incarceration would be reduced by nearly four years. The record indicates that the credit to be awarded for time served is 479 days.
On August 27, 2013, Mr. Boddye filed administrative remedy procedure (ARP) WNC-2013-934, wherein he complained that he had only been credited with time served on the simple burglary count under docket number 79,539 and not on the two illegal possession counts under docket numbers 80,324 and 80,325, which was contrary to his plea agreements and to his sentencing orders. He further noted that he filed a similar complaint while serving a previous sentence for other convictions and prevailed. See Boddye v. Louisiana Department of Public Safety and Corrections, 10-1008 (La.App. 1st Cir.12/22/10), 2010 WL 5465633 (unpublished opinion).
The DPSC denied Mr. Boddye’s ARP at the first step review, stating in part that “due to the consecutive sentences overlapping, jail credit is not allowed since you are already receiving it on another docket.” Mr. Boddye requested to proceed to the second step review, wherein the relief he requested was likewise denied with the explanation “your concerns were adequately addressed by the first step response to WNC-2013-934. The law states in La. C. Cr. Pr. Article 880, that no defendant shall receive more than thirty days of jail credit during one calendar month while serving consecutive terms. Therefore, your jail credits [have] been applied correctly.” Mr. Boddye filed a petition for judicial review contesting the denial of his ARP.[1]
On judicial review, the commissioner[2] assigned to review the matter found that the DPSC had properly performed Mr. Boddye’s time computation, noting that “[t]he dispositive reasons for affirming the Department’s decision to deny relief is as stated by the Department: The term cred *440 it for time served is not considered an expressed order that would override the ■prohibition of dual overlapping jail credit on consecutive sentences.” (Emphasis in original.) Thus, the commissioner recommended that the decision of the DPSC be affirmed and that Mr. Boddye’s appeal be dismissed with prejudice. In a judgment signed September 9, 2014, the |4district court adopted the recommendation of the commissioner and dismissed Mr. Boddye’s appeal with prejudice, and at his costs, from which judgment Mr. Boddye has perfected the instant appeal.
DISCUSSION
An offender’s punishment is determined according to the law in effect at the time he committed his crime. State v. LeBlanc, .14-0163, p. 5 (La.1/9/15), 156 So.3d 1168, 1170-71. Article 880 of the Louisiana Code of Criminal Procedure is the statutory authority by which -offenders are granted credit for time served. Prior to 2011, Article 880 provided:
A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. Under the proyisions of this Article, no defendant shall receive .more than thirty days of jail credit for any calendar month while serving a term for consecutive sentences.
However, in 2011, Article 880 was amended [3] to now more extensively provide:
A. A defendant shall receive credit toward service of his sentence for timé spent in actual custody prior to the imposition of sentence.
B. A defendant shall receive credit only for time in actual custody and only once during any calendar month when consecutive sentences are imposed.
C. No defendant shall receive credit for any time served prior to the commission of the crime.
D. A defendant shall not receive credit for time served under home incarceration. -'
E. A defendant shall not receive overlapping jail credit, except in the instance of concurrent' sentences and then only for time spent in jail on the instant felony.
The instant offenses for which Mr. Boddye is challenging the DPSC’s time computations were all committed in 2012.[4] Thus, our resolution of this appeal first | ¿requires a determination of the correctness of the agency and the district court’s interpretation of the amendment to Article 880, and even if their interpretation is found to be correct, we must further determine whether such an interpretation is properly applied to Mr. Boddye’s sentences under the circumstances presented.
Paragraphs C and D of the amended article are not at issue in this appeal. Paragraphs A and B' basically reiterate most of the same requirements as the previous version of the statute. Paragraph E, however, does appear to introduce a new requirement that a defendant “shall not receive overlapping jail credit.” Pursuant to this change, it is evident that in the absence of concurrent sentencing, a defendant cannot be credited multiple times for the same period of jail service. A defendant who is sentenced consecutively, rather than concurrently, is now statutorily barred from receiving credit on more than one consecutive sentence for the *441 same period of pre-sentence jail ■ time. Thus, we find that the DPSC and the district court accurately interpreted Article 880 as amended.
The fact remains, however, that the sentencing court unquestionably and specifically granted Mr. Boddye credit for time served on each of the consecutive sentences imposed, which sentences were imposed pursuant to plea agreements; thus, the validity of the plea agreements is called into question under the amended version of Article 880. Courts generally refer to rules of contract law in determining the validity of plea agreements. State v. Louis, 94-0761, p. 7 (La.11/30/94), 645 So.2d 1144, 1148. A contract is an agreement by two or'more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. An obligation cannot exist without a lawful cause. La. C.C. art. 1966. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La. C.C. art. 1968. Moreover, a contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is,absolutely null |fimay not be confirmed. See State v. Byrnside, 84,948, pp. 4-5 (La.App.2d Cir.8/22/01), 795 So.2d 435, 437-438 (wherein the trial court’s rejection of a proposed plea agreement was affirmed because the appellate court found that the plea agreement was prohibited by law).
Thus, to the extent that granting Mr. Boddye credit for time served on each of his consecutive sentences violates La. C. Cr. P. article 880(E), the plea agreements on which Mr. Boddye’s sentences are premised appear to be absolute nullities.[5] But even conceding that the underlying plea agreements are absolute nullities that the sentencing court should not have accepted, it must be recognized that what is sought to be enforced is hot the plea agreements, but the actual sentencing' orders imposed by the sentencing court. Considering the procedural posture in which this issue is being raised, for the following reasons, we conclude that the DPSC and the district court erred in not crediting all of Mr. Boddye’s consecutive sentences with pre-sentence jail time in accordance with the governing sentencing orders.
■ It is well settled that the determination of the sentence a defendant is to serve, ^and what, if any, conditions are to be imposed .on that sentence, is made by the trial judge, not the defendant’s custodian. The custodian’s obligation is to see that the sentence imposed is the sentence served. Blair v. Stalder, 99-1860, p. 9 (La.App. 1st Cir.1/31/01), 798 So.2d 132, 139. Thus, the DPSC is charged with complying with any conditions placed on a sentence by the trial judge. See Blair, 99-1860 at p. 9, 798 So.2d at 139. In Robinson v. Stalder,- 08-0495, p. 2 (La.App. List Cir.9/23/08), 21 So.3d 318, 319, writ denied, 09-0539 (La.12/11/09), 23 So.3d 916, the inmate’s habitual offender sentence was alleged to be illegal because the sentencing court rendered the sentence without first vacating the inmate’s original sentence. See La. R.S. 15:529.1(D)(3). This court held that the district court was without authority to correct an illegal sentence on a petition for judicial review and that it was the DPSC’s duty to carry out the *442 sentence as imposed by the sentencing court. Robinson, 08-0495 at p. 5, 21 So.3d at 320. This court observed, however, that pursuant to La. C. Cr. P. art. 882, the Orleans Criminal District Court, as the sentencing court, and the Fourth Circuit, as the appellate court having jurisdiction over the sentencing court, could correct the illegal sentence at any time. Robinson, 08-0495 at p. 5, 21 So.3d at 320.
Similarly, despite the illegality of the sentences, we find that the DPSC lacks authority to unilaterally correct the error committed by the sentencing court in this matter. Instead, such error may only be corrected by the sentencing court itself or on direct appellate review. See La. C. Cr. P. art. 882. Likewise, we find that the district court lacks authority to correct the illegal sentences on judicial review. Accordingly, we find merit in Mr. Boddye’s appeal and reverse the rulings of the district court and the DPSC.
CONCLUSION
For the foregoing reasons, we find that the DPSC and the district court erred in not granting Mr. Boddye credit for time served prior to sentencing on his sentences under docket numbers 80,324 and 80,325 in addition to the credit granted on the sentence under docket number 79,539. Accordingly, we reverse the judgment of the district court and render judgment ordering the DPSC to comply with the sentencing conditions imposed by the Honorable John D. Trahan of the Fifteenth Judicial District Court on July 22, 2013. Costs associated with this |sappeal, in the amount of $1,114.00, are assessed to the Louisiana Department of Public Safety and Corrections.
REVERSED AND RENDERED.

. Mr. Boddye’s petition for judicial review was filed on December 4, 2013, prior to his receipt of the second step review response. In the petition, he stated that his ARP was denied on the first step review and that DPSC failed to answer the second step review within 45-day time limit granted for the review. However, a second step response was subsequently issued by the DPSC on December 13, 2013.

. The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(C)(5); Abbott v. LeBlanc, 12-1476, p. 2 n. 1 (La.App. 1st Cir.3/25/13), 115 So.3d 504, 505 n. 1.

. See 2011 La. Acts, No. 186, § 1.

. The offense date for the simple burglary count under docket number 79,539 is January 22, 2012. The offense date for the illegal possession of stolen things count under docket number 80,324 is March 16, 2012, and the offense date for the other illegal possession of stolen things count under docket number 80,-325 is March 28, 2012.

. We also recognize, however, that:
It is well settled in Louisiana jurisprudence that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case, a defendant has been denied due process of law because the plea was not given freely and knowingly.
Blair v. Stalder, 99-1860, p.‘ 8 n. 7 (La.App. 1st Cir.1/31/01), 798 So.2d 132, 138 n. 7