STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0090

ERIC O'NEAL SELDERS, D.O.C. # 212109

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

*DATE OF JUDGMENT:*     NOV 0 6 2020

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 678866, SECTION 24, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE R. MICHAEL CALDWELL, JUDGE

* * * * * *

| | |
|---|---|
| Eric O'Neal Selders<br>Angie, Louisiana | Counsel for Plaintiff-Appellant<br>Eric O'Neal Selders – Pro Se |
| Debra A. Rutledge<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Louisiana Department of Public Safety<br>and Corrections |

* * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**Disposition: AFFIRMED.**

**CHUTZ, J.**

Petitioner, Eric Selders, an inmate at Rayburn Correctional Center, appeals the district court's judgment, dismissing his petition for judicial review of the denial of relief by defendant, Department of Public Safety and Corrections (the Department), for the application of additional jail credits in the computation of the time he is required to serve on three convictions that he requested in an administrative remedy procedure (ARP) complaint. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 5, 2016, petitioner was sentenced to imprisonment at hard labor in the Twenty-First Judicial District Court for a total of eighteen years for convictions of three criminal offenses.[1] In docket number 1203087, petitioner was committed to the Department and sentenced to seven years at hard labor for his conviction of attempted possession of a firearm or carrying a concealed weapon by a convicted felon.[2] In docket number 1400061, petitioner was committed to the Department and sentenced to ten years at hard labor for his conviction of possession of a firearm or carrying a concealed weapon by a convicted felon.[3] In docket number 1501671, petitioner was committed to the Department and sentenced to one year of hard labor for his conviction of possession of contraband in a penal institution.[4]

---

[1] The record establishes that in docket number 1203087, petitioner was convicted of two offenses. For an aggravated assault conviction, petitioner was sentenced to six months in the parish prison, subject to time served, which was imposed concurrently with his sentence for the other offense charged under that same docket number. According to an attachment to petitioner's petition for judicial review, on January 9, 2019, the sentencing judge ordered an amendment, apparently of the May 5, 2016 minute entry in docket number 1203087, pursuant to the granting of a pro se motion to vacate and modify petitioner's sentence, which deleted reference to petitioner's conviction for aggravated assault. Since petitioner asserts no complaints relative to his aggravated assault conviction, in this opinion, petitioner's conviction for aggravated assault is not referenced in our discussion of the issues raised in this appeal.

[2] See La. R.S. 14:27 & 95.1.

[3] See La. R.S. 14:95.1.

[4] See La. R.S. 14:402E.

2

The sentencing judge ordered that all three convictions be served consecutively to one another. In docket numbers 1400061 and 1501671, the minute entries included statements indicating that the conviction was concurrent with federal offenses.[5] The minute entries for all three of the May 5, 2016 sentencing hearings stated that petitioner was to receive "[c]redit for time served from date of arrest up until today's date for each and every day that [petitioner] has actually served."

At some point, a change in the calculation of the amount of time petitioner served prior to sentencing resulted in the loss of jail credits he apparently had been advised he would receive. Petitioner initiated an ARP complaint with the Department seeking the application of jail credits to his sentences. After having been denied relief in both steps, he filed this petition for judicial review in the 19th Judicial District Court.[6] The Department answered petitioner's appeal for judicial review and filed the entire administrative proceedings into the record.

A commissioner issued a recommendation with reasons, advising the 19th Judicial District Court judge to affirm the Department's decision, denying relief for the application of additional credits for time petitioner served in jail awaiting disposition of the charges against him in the 21st Judicial District Court. On November 12, 2019, the 19th Judicial District Court judge issued a judgment in

---

[5] According to one of the attachments to petitioner's petition for judicial review, in a minute entry dated January 9, 2019, apparently pursuant to the granting of a pro se motion to vacate and modify his sentence, the sentencing judge amended the May 5, 2016 minute entry to add the statement, "Concurrent with Federal Time" in docket number 1203087. Other attachments to petitioner's petition for judicial review show that on June 25, 2015, petitioner was committed to the U.S. Bureau of Prisons for a term of 180 months pursuant to a plea of guilty to possession of a firearm by a convicted felon. See 18 U.S.C. §§ 922(g)(1), 924(a)(2), & (e). On September 29, 2016, petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine; one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine; and 49 counts of unlawful use of a communications facility. He was committed to the U.S. Bureau of Prisons for terms of 165 months, 175 months, and 49 months, all of which were ordered to be served concurrently with one another, as well as concurrent with his earlier federal incarceration and the sentences imposed on May 5, 2016 in the 21st Judicial District Court (among other sentences for convictions in the State of Louisiana). See 18 U.S.C. § 2 and 21 U.S.C. §§ 846, 843(b).

[6] The record in this judicial review shows that petitioner actually instituted multiple appeals of his ARP with the district court. The Department filed a declinatory exception raising the objection of lis pendens. Petitioner's multiple appeals were subsequently consolidated into the present action.

3

conformity with the commissioner's recommendation, dismissing petitioner's petition for judicial review with prejudice. Petitioner appeals.

## DISCUSSION

Under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171-1179, judicial review of an adverse decision of an ARP by the Department is available pursuant to La. R.S. 15:1177. A petitioner aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the 19th Judicial District Court. La. R.S. 15:1177(A). On review of the Department's decision, the district court functions as an appellate court. The district court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (f) manifestly erroneous in view of the reliable, probative, and substantial evidence in the whole record. La. R.S. 15:1177(A)(9). On review of the district court's judgment, this court owes no deference to factual findings or legal conclusions of the district court. *Brown v. Louisiana Dep't of Pub. Safety & Corr.*, 2019-0853 (La. App. 1st Cir. 2/21/20), 296 So.3d 619, 622-23.

The record shows that the sentencing judge specifically stated that jail credit was for "all time previously served, in accordance with law."[7] Article 880 of the

---

[7] The orders by the sentencing judge, which were part of the record in the administrative proceedings, issued on December 11, 2017 and again on January 11, 2018 in response to motions by the petitioner seeking to challenge the Department's application of jail credit to his May 5, 2016 sentences. Additionally, attached to petitioner's petition for judicial review were unauthenticated copies of the orders committing petitioner to the Department's custody, which expressly stated the jail credits applicable to petitioner's sentences were all "[u]nder the provision of C.Cr.P. Art. 880."

4

Louisiana Code of Criminal Procedure is the statutory authority by which offenders are granted credit for time served. It states in relevant part:

> A. A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
>
> B. A defendant shall receive credit only for time in actual custody and only once during any calendar month when consecutive sentences are imposed.
>
> C. No defendant shall receive credit for any time served prior to the commission of the crime. ...
>
> E. A defendant shall not receive overlapping jail credit, except in the instance of concurrent sentences and then only for time spent in jail on the instant felony.

In his ARP, his petition for judicial review, and now on appeal, petitioner maintains that the sentencing judge in the 21st Judicial District Court intended that he receive jail credit for time served on each of his convictions. He contends that because the sentencing judge ordered that the May 5, 2016 sentences be served concurrent with his sentences for the federal offenses, Article 880 does not preclude him from receiving overlapping jail credit for the sentences that were ordered to be served consecutively to one another.

The determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the sentencing judge, not by the petitioner's custodian. *Boddye v. LA Dep't of Corr.*, 2014-1836 (La. App. 1st Cir. 6/26/15), 175 So.3d 437, 441, writ denied, 2015-1688 (La. 10/30/15), 180 So.3d 303. The custodian's obligation is to simply see that the sentence imposed by the sentencing judge is the sentence served. *Boddye*, 175 So.3d at 441.

Under the provisions of Article 880(E), in the absence of concurrent sentencing, a defendant cannot be credited multiple times for the same period of jail service. *Boddye*, 175 So.3d at 440. And according to the plain language of Article 880(E), a defendant is not permitted to receive overlapping jail credit "except ... for time spent in jail on the instant felony."

5

Here, petitioner has not claimed, and the record does not support a finding, that the presentence jail time petitioner served on the federal offenses overlapped with any of the time he served on the state offenses. Thus, he is not entitled to overlapping jail credit under Article 880.

In its calculations, the Department found in conjunction with docket number 1203087 that petitioner was entitled to 867 days of jail credit. It calculated this as the time from July 29, 2012, the date of arrest, through October 18, 2012, the date of bond; and from March 11, 2014, the bond release date, through the date of sentencing on May 5, 2016. For docket number 1400061, the Department calculated that petitioner was entitled to 124 days of jail credit. In reaching this conclusion, the Department used November 7, 2013, the date that petitioner was charged, through March 11, 2014, the date that jail credit commenced to apply in docket number 1203087. And in the calculation of jail time for docket number 1501671, the Department gave petitioner no credit stating, "You did not receive any jail credit because the jail credit [was] applied to the sentences this docket [number] is running consecutive with."

Because the three sentences imposed on May 5, 2016 in the 21st Judicial District Court were ordered to be served consecutively to one another, and under Article 880(E) petitioner was not permitted to receive overlapping jail credit for the federal offenses that were ordered to be served concurrently, the Department correctly calculated the jail credit to which petitioner is entitled in accordance with the sentencing judge's determination.[8] Accordingly, the Department's denial of

---

[8] Petitioner avers that the May 5, 2016 sentences were imposed pursuant to a plea agreement and that as part of the agreement, he was entitled to credit for time served on each of the consecutive sentences. Courts generally refer to the rules of contract law in determining the validity of plea agreements. *Boddye*, 175 So.3d at 441. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. An obligation cannot exist without a lawful cause. La. C.C. art. 1966. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. La. C.C. art. 1968. Moreover, a contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. *Boddye*,175 So.3d at 441. The record is devoid of any evidence

6

petitioner's request for an application of additional jail credit was neither affected by an error of law nor manifestly erroneous in view of the reliable, probative, and substantial evidence in the whole record.

## DECREE

For these reasons, the judgment of the Nineteenth Judicial District Court, affirming the decision of the Department of Public Safety and Corrections and dismissing the petition for judicial review is affirmed. Appeal costs are assessed against petitioner, Eric O'Neal Selders.

**AFFIRMED.**

---

supporting a finding that the sentences imposed on May 5, 2016 were pursuant to a plea agreement. To the extent that petitioner is attempting to assert that his sentence is illegal because it is in derogation of the terms of the plea agreement, this claim is properly directed to the sentencing court. See *Benbow v. Louisiana Dep't of Pub. Safety & Corr.*, 2016-1663 (La. App. 1st Cir. 9/28/17), 232 So.3d 596, 598.