STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0130

BRETT GERALD

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: OCT 1 3 2021

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C646846

Honorable Timothy E. Kelley, Judge Presiding

* * * * * *

| | |
|---|---|
| Jonathan R. Vining<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>Louisiana Department of Public<br>Safety and Corrections |
| | |
| Andre' Belanger<br>Baton Rouge, LA | Counsel for Plaintiff/Appellee<br>Brett Gerald |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

This is an appeal by the Louisiana Department of Public Safety and Corrections ("the Department") from a judgment reversing a decision of the Department. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL HISTORY

This case arises from a petition for judicial review. The petitioner in this matter, Brett Gerald, was an offender in the custody of the Department. In 2015, Mr. Gerald filed a grievance, Administrative Remedy Procedure No. LSP-2015-3090, seeking to have his offenses of vehicular homicide designated as "nonviolent" for time calculation purposes. After being denied relief by the Department and exhausting his administrative remedies, Mr. Gerald sought judicial review of the Department's decision in the Nineteenth Judicial District Court.

The Commissioner issued a recommendation that the Department's decision be reversed, thereby granting Mr. Gerald's request for relief. Thereafter, on November 12, 2020, the district court signed and rendered a judgment in favor of Mr. Gerald and against the Department, ordering the Department to calculate Mr. Gerald's "vehicular homicide sentences as non-violent offenses for the purposes of good time eligibility." This appeal by the Department followed.

## DISCUSSION

As provided for in the Louisiana Corrections Administrative Procedure Act (CARP), an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. The review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision "only if substantial rights of the appellant have been

2

prejudiced" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. Grimes v. Louisiana Department of Public Safety and Corrections, 20-0089, p. 5 (La. App. 1st Cir. 11/12/20), 316 So. 3d 35, 38.

In the matter herein, Mr. Gerald was sentenced on March 12, 2013, for offenses committed on May 30, 2012. (R. 43) Thereafter, Mr. Gerald was resentenced on May 14, 2013, with the sentencing judge stating the following at the hearing:

> As Mr. Damico and Mr. D'Aquilla have pointed out, seven days after I made that sentence, the Louisiana Supreme Court declared that vehicular homicide is a crime of violence ... .
>
> I have verified this morning that under the holding of *State versus Oliphant*, Mr. Gerald would not be even eligible for parole or good time release until he has served 85 percent of the sentence ... . It was never my intention that Mr. Gerald spend the rest of his life in prison, and unless I modify the sentence, that would be the practical effect of the sentence as it currently exists.
>
> ...
>
> My ruling today is based entirely on the new holding of the Supreme Court that vehicular homicide is a crime of violence. Parole eligibility and good time eligibility are valid considerations in determining the amount of the sentence, and I have considered those things, and, therefore, the previous sentence, which was made on March 12th, 2013, is hereby vacated.

3

While Mr. Gerald contends that his grievance lies with the Department's decision to designate his vehicular homicide offenses as crimes of violence,[1] the Department contends that Mr. Gerald's offenses were designated as violent by the sentencing court. We agree.[2] Therefore, it was the duty of the Department to carry out Mr. Gerald's sentence, as imposed. See Boddye v. Louisiana Department of Corrections, 14-1836, p. 7 (La. App. 1st Cir. 6/26/15), 175 So. 3d 437, 441-442, writ denied, 15-1688 (La. 10/30/15), 180 So. 3d 303.

Whether Mr. Gerald was sentenced illegally because State v. Oliphant, 12-1176 (La. 3/19/13), 113 So. 3d 165 was applied to his case in error, or because the former La. C. Cr. P. art. 890.1[3] was repealed at the time of Mr. Gerald's sentencing (and at the time he committed the offenses herein), is an issue that should have been raised either through a timely motion for reconsideration of sentence directed to the sentencing court (La. C. Cr. P. art. 881.1), timely direct appeal of that sentence to the appropriate court of appeal, or at any time by a motion to correct illegal sentence (La. C. Cr. P. art. 882(A)) directed to the sentencing court. See Davis v. Louisiana Department of Public Safety and Corrections, 15-0377 (La. App. 1st Cir. 11/6/15), 2015WL6841672, *1, writs denied, 16-0029 (La. 5/1/17),

---

[1] Mr. Gerald also argues that the decision of the Department violates the *ex post facto* clause and runs contrary to the Department's admitted policy of prospectively applying the Louisiana Supreme Court's decision in State v. Oliphant, 12-1176, p. 13 (La. 3/19/13), 113 So. 3d 165, 173, which held that vehicular homicide is a "crime of violence" for purposes of sentencing. The Oliphant court stated that because the list of enumerated "crimes of violence" under La. R.S. 14:2(B) (now revised) is not exhaustive, unlisted offenses may be designated as crimes of violence for sentencing purposes under the relevant statutory provisions of La. R.S. 14:2 and La. C. Cr. P. art. 890.1 (now repealed). Oliphant, 113 So. 3d at 170.

[2] The sentencing court did not expressly designate Mr. Gerald's offenses as crimes of violence at the resentencing hearing. However, from our view, a fair reading of the transcript demonstrates that Mr. Gerald was resentenced based upon the court's conviction that, pursuant to Oliphant, vehicular homicide was to be treated as a crime of violence. Further, Mr. Gerald was resentenced at the request of his counsel who filed a motion to reconsider the sentence, arguing that the Oliphant decision "had a significant impact with regards to the sentencing of Mr. Gerald." The State objected to reconsideration of the sentence based on the Oliphant ruling, noting that the initial sentence was "fair."

[3] The former Article 890.1, requiring the trial court to designate whether the crime involved was a crime of violence, was repealed by Acts 2011, No. 186, § 4, effective August 15, 2011.

219 So. 3d 331 and 16-0002 (La. 4/24/17), 220 So. 3d 739; Madison v. Ward, 00-2842, p. 11 (La. App. 1st Cir. 7/3/02), 825 So. 2d 1245, 1255 (en banc); see also, Branch v. Louisiana Department of Public Safety and Corrections, 18-1303 (La. App. 1st Cir. 8/8/19), 2019WL3757592, *6. The district court, however, lacks the authority to correct an illegal sentence on a petition for judicial review. Boddye, 14-1836 at p. 7, 175 So. 3d at 441.

In this matter, because the Department had no power to alter Mr. Gerald's sentence as imposed by the court, we find no violation of constitutional or statutory provisions and no manifest error as it concerns the Department's decision. We therefore conclude that the district court erred in ordering the Department to calculate Mr. Gerald's vehicular homicide sentences as nonviolent offenses.[4]

## CONCLUSION

For the above and foregoing reasons, the November 12, 2020 judgment of the district court granted in favor of Brett Gerald and against the Louisiana Department of Public Safety and Corrections is reversed. All costs of this appeal are assessed to the plaintiff/appellee, Brett Gerald.

**REVERSED.**

---

[4] This case is factually distinguishable from Duhon v. Louisiana Department of Public Safety and Corrections, 2021 CA 0140, also handed down on this date, as the district court in Duhon did not designate the petitioner's crime as a violent offense. While the sentencing court in this case did not expressly designate Mr. Gerald's offenses as crimes of violence at the resentencing hearing, from our view, a fair reading of the transcript demonstrates that Mr. Gerald was resentenced based upon the court's conviction that, pursuant to Oliphant, vehicular homicide was to be treated as a crime of violence.