STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0897

CRAIG PARENT

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

**Judgment Rendered: MAR 0 3 2022**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C702162

Honorable William Morvant, Judge Presiding

* * * * * *

| | |
|---|---|
| Elizabeth B. Desselle<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>Louisiana Department of Public<br>Safety and Corrections |
| Philip C. Ciaccio, Jr.<br>New Orleans, LA | Counsel for Plaintiff/Appellee<br>Craig Parent |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Holdridge J, concurs

**GUIDRY, J.**

This is an appeal by the Louisiana Department of Public Safety and Corrections ("the Department") from a judgment reversing a decision of the Department. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises from a petition for judicial review. The petitioner in this matter, Craig Parent, was an offender in the custody of the Department. In 2020, Mr. Parent filed a grievance, Administrative Remedy Procedure No. HDQ-2020-1875, seeking to correct the calculation of credit for time served. After being denied relief by the Department and exhausting his administrative remedies, Mr. Parent sought judicial review of the Department's decision in the Nineteenth Judicial District Court.

The Commissioner issued a recommendation that the Department's decision be reversed, thereby granting Mr. Parent's request for relief. Thereafter, on June 15, 2021, the district court signed and rendered a judgment in favor of Mr. Parent and against the Department, ordering the Department to recalculate Mr. Parent's time "to reflect credit for time served on all of his consecutive sentences pursuant to the trial transcript" and "return the 768 days of credit that was arbitrarily revoked from Petitioner's sentence and that a total of 6,433 days of jail credits be added to [Mr. Parent's] time served." This appeal by the Department followed.

## MOTION TO SUPPLEMENT THE RECORD

On or about January 10, 2022, the Department filed a "motion to supplement the record and take judicial notice" of a September 29, 2021 order of the Twenty-Fourth Judicial District Court, which is denied. An appellate court must render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury

2

instructions, judgments, and other rulings, unless otherwise designated. City of Hammond v. Parish of Tangipahoa, 07-0574, pp. 4-5 (La. App. 1st Cir. 3/26/08), 985 So. 2d 171, 176. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. As an appellate court, we have no jurisdiction to receive new evidence. Rathe v. Rathe, 17-1326, p. 10 (La. App. 1st Cir. 8/21/18), 256 So. 3d 1001, 1007. In addition, while a court may take judicial notice of its own proceedings, La. C.E. art. 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of suit records in other courts. Documentation of other courts' proceedings must be offered into evidence in the usual manner. Burniac v. Costner, 18-1709, p. 5 n.6 (La. App. 1st Cir. 5/31/19), 277 So. 3d 1204, 1208 n.6. Thus, where it was not introduced into evidence in the trial court, this court cannot consider the September 29, 2021 order of the Twenty-Fourth Judicial District Court. Further, because the documents that the Department seeks to have supplemented into the appellate record clearly postdate the judgment on appeal and clearly were not considered by the trial court below, the motion is denied.

## DISCUSSION

As provided for in the Louisiana Corrections Administrative Remedy Procedure Act (CARP), an offender aggrieved by an adverse decision rendered pursuant to any administrative remedy procedure can institute proceedings for judicial review by filing a petition for judicial review in the Nineteenth Judicial District Court. La. R.S. 15:1177. The review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may reverse or modify the agency decision "only if substantial rights of the appellant have been prejudiced" because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess

3

of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. See La. R.S. 15:1177(A)(9).

On review of the district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. Grimes v. Louisiana Department of Public Safety and Corrections, 20-0089, p. 5 (La. App. 1st Cir. 11/12/20), 316 So. 3d 35, 38.

In the matter herein, Mr. Parent was resentenced on May 21, 2020, on one of seven counts with the sentencing judge stating the following at the hearing:

> The Court has had the opportunity to review the PSI that was rendered in this matter and also Mr. Parent's criminal history in this matter. And the Court also notes the various sentences that were previously handed down to Mr. Parent in this matter. ... And as to count six, the Court will vacate the previous sentence in count number six. The Court's going to resentence the defendant to twenty years Department of Corrections at hard labor. That sentence is to run consecutive with all other sentences, and the defendant will be given credit for time served.

Thereafter, the minute entry from the May 21, 2020 hearing reads, "Defendant is given credit for time served pursuant to C.Cr.P. 880 from date of initial arrest until today for each day defendant actually served." The Commitment Order indicates that under the provision of La. C.Cr.P. art. 880, the defendant is given credit for time served.

The Department contends that Mr. Parent is requesting overlapping or

4

"double" jail credits on a consecutive sentence, which is prohibited by La. C.Cr.P. art. 880.[1] Mr. Parent contends the Department failed to administer his sentence provisions as imposed by the sentencing court. We agree with Mr. Parent's contention.

It is well settled that the determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the trial judge, not the defendant's custodian. The custodian's obligation is to see that the sentence imposed is the sentence served. See Boddye v. Louisiana Department of Corrections, 14-1836, p. 6 (La. App. 1st Cir. 6/26/15), 175 So. 3d 437, 441, writ denied, 15-1688 (La. 10/30/15), 180 So. 3d 303. Furthermore, where there is a discrepancy between the minutes and the transcript, the transcript must prevail. See State v. Lynch, 441 So. 2d 732, 734 (La. 1983); Howard v. Louisiana Department of Public Safety and Corrections, 19-0976, p. 3 (La. App. 1st Cir. 2/21/20), 298 So. 3d 199, 201. Likewise, if a discrepancy exists between the commitment order and the transcript, the transcript prevails over the commitment order as well. Howard, 19-0976 at p. 6, 298 So. 3d at 203.

---

[1] Louisiana Code of Criminal Procedure article 880, effective August 15, 2011, reads:

> A. A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.
> B. A defendant shall receive credit only for time in actual custody and only once during any calendar month when consecutive sentences are imposed.
> C. No defendant shall receive credit for any time served prior to the commission of the crime.
> D. A defendant shall not receive credit for time served under home incarceration.
> E. A defendant shall not receive overlapping jail credit, except in the instance of concurrent sentences and then only for time spent in jail on the instant felony.

However, at the time Mr. Parent committed the crime herein, La. C.Cr.P. art. 880 included no mention of "overlapping jail credits," reading only as follows, "A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Acts 1997, No. 788 § 1.

5

Based on the record before us, we cannot say that it was not the intent of the sentencing court to give the defendant credit for time served.[2] Thus, it was the duty of the Department to carry out Mr. Parent's sentence as provided at the sentencing hearing and in the trial transcript. The Department had no power to alter Mr. Parent's sentence as imposed by the sentencing court. We therefore affirm the ruling of the district court.

## CONCLUSION

For the above and foregoing reasons, the June 15, 2021 judgment of the district court, granted in favor of Craig Parent and against the Louisiana Department of Public Safety and Corrections, is affirmed. All costs of this appeal in the amount of $957.00 are assessed to the defendant/appellant, Louisiana Department of Public Safety and Corrections.

**MOTION TO SUPPLEMENT THE RECORD AND TAKE JUDICIAL NOTICE DENIED; AFFIRMED.**

---

[2] It is clear from the record that the sentencing court reviewed Mr. Parent's criminal history and noted the various sentences that were previously handed down to Mr. Parent, where he received credit for time served on all counts.